CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
MARTIN JUAREZ-RAMOS, on behalf of himself : Case No. 23-CV-2347
and others similarly situated, :
 :
 Plaintiff, : **FLSA COLLECTIVE**
 : **ACTION COMPLAINT**
 -against- :
 :
BAJAJ FOOD CORP. d/b/a EVERYDAY SAVINGS, :
1611 FOOD MART INC. d/b/a DOLLAR DEAL, :
PADAM BAJAJ, and RAKHI BAJAJ, : **Jury Trial Demanded**
 :
 Defendants. :
-----------------------------------------------------------------------X

Plaintiff, MARTIN JUAREZ-RAMOS ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants BAJAJ FOOD CORP. d/b/a EVERYDAY SAVINGS ("BAJAJ FOOD CORP."), 1611 FOOD MART INC. d/b/a DOLLAR DEAL ("1611 FOOD MART INC.") (collectively, the "Corporate Defendants"), PADAM BAJAJ, and RAKHI BAJAJ (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premiums for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Bronx County, New York.

6. Defendant, BAJAJ FOOD CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 1031 Westchester Avenue, Bronx, New York 10604.

7. Defendant, BAJAJ FOOD CORP., owns and operates a discount retail store doing business as "Everyday Savings," located 1031 Westchester Avenue, Bronx, New York 10604 (hereinafter, the "Everyday Savings Discount Store").

8. Defendant, 1611 FOOD MART INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 1611 Westchester Avenue, Bronx, New York 10472.

9. Defendant, 1611 FOOD MART INC., owns and operates a discount retail store doing business as "Dollar Deal," located at 1611 Westchester Avenue, Bronx, New York 10472 (hereinafter, the "Dollar Deal Discount Store").[1]

10. Defendant, PADAM BAJAJ, is the President and Chief Executive Officer of BAJAJ FOOD CORP. and, as such, is the primary owner, shareholder, officer, director, supervisor, managing agent, and proprietor of BAJAJ FOOD CORP. who actively participates in the day-to-day operation of the Everyday Savings Discount Store and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BAJAJ FOOD CORP.

11. Defendant, RAKHI BAJAJ, is the President and Chief Executive Officer of 1611 FOOD MART INC., and as such is the primary owner, shareholder, officer, director, supervisor, managing agent, and proprietor of 1611 FOOD MART INC. who actively participates in the day-to-day operation of the Dollar Deal Discount Store and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

---

[1] The two stores are collectively referred to herein as the "Discount Stores."

3

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 1611 FOOD MART INC.

12. Defendants PADAM BAJAJ and RAKHI BAJAJ are brothers.

13. Defendants PADAM BAJAJ and RAKHI BAJAJ each act as supervisors and managers at each of the Discount Stores simultaneously and, as such, the Individual Defendants jointly exercise control over the terms and conditions of employment related to each of the Discount Stores' employees in that they have and the power to and do in fact perform the following functions at each of the Discount Stores: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

14. The Individual Defendants are each present on the premises of the Discount Stores on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

15. At all times relevant to the allegations in this Complaint, BAJAJ FOOD CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16. At all times relevant to the allegations in this Complaint, 1611 FOOD MART INC. was, and continues to be, an "enterprise engaged in commerce" within the

meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. Plaintiff has been continuously employed by Defendants to work at the Discount Stores as a stock person and porter from in or about March 2021 through the present time.

18. The work performed by Plaintiff is directly essential to the business operated by Defendants.

19. Defendants knowingly and willfully fail to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20. Defendants knowingly and willfully fail to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21. Defendants knowingly and willfully fail to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

23. The Individual Defendants jointly participate in the day-to-day operation of the Discount Stores. For instance, the Individual Defendants personally hire and fire employees, supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

24. The Individual Defendants jointly create, implement, and approve all business policies and make all crucial business decisions at each of the Discount Stores, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

25. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff in a fungible and interchangeable manner as workers in the business operated by the Defendants.

26. The Corporate Defendants each engage in related activities, namely, providing retail services to the public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

27. The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation, each providing mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

28. In or about March 2021, Defendants hired Plaintiff to work as a non-exempt stock person and porter at the Everyday Savings Discount Store.

29. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

30. In or about June 2022, the Individual Defendants jointly decided to transfer Plaintiff to work at the Dollar Deal Discount Store in the same capacities.

31. Plaintiff continues to work in those capacities for Defendants at the present time.

32. Plaintiff works over forty (40) hours per week.

33. From the beginning of his employment in or about March 2021 and continuing through in or about May 2022, while working at the Everyday Savings Discount Store, Plaintiff worked six (6) days per week and, his work schedule consisted of eleven (11) hours per day Monday through Saturday from 9:00 a.m. until 8:00 p.m.

34. Plaintiff was not required to punch a time clock or other time-recording device at the beginning or end of his work shift while working at the Everyday Savings Discount Store.

35. From the beginning of his employment in or about March 2021 and continuing through in or about December 2021, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $700 per week straight time for all hours worked and worked sixty-six (66) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36. Beginning in or about January 2022 and continuing through in or about May 2022, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $750 per week straight time for all hours worked and worked sixty-six (66) hours per week.  Work performed above

forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

37. Beginning in or about June 2022 and continuing through the present time, while working at the Dollar Deal Discount Store, Plaintiff has and continues to work six (6) days per week and, his work schedule consists of twelve (12) hours per day Monday through Saturday from 9:00 a.m. until 9:00 p.m.

38. Plaintiff is not required to punch a time clock or other time-recording device at the beginning or end of his work shift while working at the Dollar Deal Discount Store.

39. Beginning in or about June 2022 and continuing through in or about December 2022, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $750 per week straight time for all hours worked and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40. Beginning in or about January 2023 and continuing through the present time, Plaintiff is not being paid proper minimum wages or overtime compensation. During this period, Plaintiff is paid, in cash, at the rate of $800 per week straight time for all hours worked and works seventy-two (72) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

41. Upon paying Plaintiff his cash wages, Defendants have failed to provide Plaintiff with a weekly wage statement, which indicate, among other things, Plaintiff's gross wages, deductions, and net wages.

42. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

43. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

44. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

45. At all relevant times, Defendants failed to maintain accurate and sufficient wage and hour records.

**COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since March 20, 2020, until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and

one-half for all hours worked in excess of forty (40) per workweek (the "Collective Action Members").

47. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

48. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

49. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

51. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

   e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.      Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

52. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

53. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

57. At all times relevant to the allegations herein, defendant BAJAJ FOOD CORP. has had gross revenues in excess of $500,000.

58. At all times relevant to the allegations herein, defendant 1611 FOOD MART INC. has had gross revenues in excess of $500,000.

59. At all times relevant to the allegations herein, the Corporate Defendants have jointly had gross revenues in excess of $500,000.

60. Defendants have a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

61. Defendants have willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

62. Plaintiff and the Collective Action Members are entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

63. Defendants have failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

64. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should

have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

66. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

67. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

68. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

69. Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

70. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

71. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. Defendants are Plaintiff's employer as defined within the meaning of New York Labor Law §§ 2 and 651.

73. Defendants have knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

74. Defendants have knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

75. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

76. Defendants have knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

77. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

78. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

79. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

80. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

81. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

82. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff MARTIN JUAREZ-RAMOS, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
March 20, 2023

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102

By: /s/ *Justin Cilenti*
Giustino (Justin) Cilenti (GC2321)